IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERARD DAVIS, | ) CASE NO. 1:09CV2288 |
| | ) |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) |
| | ) |
| WILLIAM D. MASON, *et al.* | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendants. | ) |

Plaintiff *pro se* Gerard Davis ("Davis") brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants William D. Mason ("Mason"), Cuyahoga County, Ohio Prosecutor and Gerald T. McFaul ("McFaul"), former Sheriff of Cuyahoga County. He alleges that Mason, as Cuyahoga County Prosecutor, implemented a new sex offender policy that violates due process and the Ex Post Facto Clause because it is applied retroactively. McFaul is allegedly responsible for overall supervision of the new policy. Plaintiff states that he was informed by McFaul that his registration as a sex offender has been changed from ten years to life which would impose severe and stringent registration and notification requirements vastly different from the sanctions imposed when he was convicted. He is now considered a Tier III offender.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the

following reasons, the court finds that some of the claims asserted in this action satisfies these criterion.

Title I of the federal Adam Walsh Act ("AWA") entitled the Sex Offender Registration and Notification Act, or "SORNA." enacted on June 30, 2007, amended Chapter 2950 of the Ohio Revised Code. The amendments changed the classification scheme and the attendant address registration, community notification and residency restriction requirements. Offenders are classified as "Tier I", "Tier II", and "Tier III." An offender's classification now turns solely on the offense of conviction. The offender's risk to the community and likelihood of re-offending are not taken into consideration. *Doe v. Dann*, 2008 WL 2390778 * 10 (N.D. Ohio, Jun. 9, 2009).

Under the Ohio AWA, a Tier III offender must register every 90 days for life. All offenders are now required to submit the following: name, any aliases, social security number, date of birth, name and address of employer, name and address of school if any, photograph, copies of travel and immigration documents, license plate number for each vehicle owned, driven for work or regularly available to the offender, description of location where all such vehicles are stored, driver's license number or state ID number, description of each professional and occupational license, permit or registration held by the offender, and any email addresses, internet identifiers or telephone numbers registered to or used by the offender. *Id*. at * 2.

Further, all individuals convicted of a sexually oriented offense are now subject to increased residency restrictions. Offenders are now prohibited from residing within 1,000 feet of a school, preschool or day care facility. The AWA also increases the penalties for failing to register or verify one's address, providing for prison terms of up to ten years and

mandatory minimum sentences in some cases. The AWA applies retroactively to all offenders who had a duty to register under Megan's Law as of July 1, 2007. *Id*. at * 3.

Plaintiff argues that SORNA violates his constitutional rights due to the fact that when he was convicted in 1983, "the only law in existence was the Sexually Oriented Offenders for a period of only 10 years. In *Calder v. Bull,* 3 U.S. 386, 390 (1798), the Supreme Court held that any law that "inflicts a greater punishment[ ] than the law annexed to the crime" at the time of its commission or criminalizes any act "done before the passing of the law" violates the Ex Post Facto Clause. *See United States v. Lawrance*, 548 F.3d 1329, 1332 (10th Cir. 2008).

The retroactive application of a statute violates the Ex Post Facto Clause only if it is criminal in nature. *United States v. Hernandez,* 615 F.Supp.2d 601, 608-609 (E.D. Mich., 2009)(citing *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997); *Smith v. Doe,* 538 U.S. 84, 89 (2003)). Whether or a not a statute is criminal and violates the Ex Post Facto Clause depends on the intent of Congress. *See Smith,* 538 U.S. at 92. If Congress intended the statute to "enact a regulatory scheme that is civil and non-punitive, [the court] must further examine whether the statutory scheme is 'so punitive either in purpose or effect as to negate [Congress's] intention' to deem it 'civil.' " *Id.; see also, United States v. May,* 535 F.3d 912, 919-20 (8th Cir. 2008), *cert denied*, 129 S.Ct 2431 (2009); *Lawrance,* 548 F.3d at 1333.

SORNA is both civil in its stated intent and nonpunitive in its purpose. Congress expressly declared its intent to create a "comprehensive national system for the registration" of sex offenders, "[i]n order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators." 42 U.S.C. § 16901.

3

*Hernandez,* 615 F.Supp.2d at 608-609. *See May,* 535 F.3d at 919-920*; Lawrance*, 548 F.3d at 1332-1336; *United States v. Ambert,* 561 F.3d 1202, 1207-08 (11th Cir. 2009); *United States v. Samuels,* 319 Fed. Appx., 389, 393, 395 (6th Cir. 2009). SORNA's registration scheme "does not impose punishment, does not impose an affirmative disability or restraint, does not promote the traditional aims of punishments, has a rational connection to a nonpunitive purpose, and is not excessive with respect to the nonpunitive purpose." *United States v. Samuels*, 543 F.Supp.2d 669, 676-677 (E.D. Ky., 2008) (citing *United States v. Madera*, 474 F.Supp.2d 1257, 1263 (M.D. Fla.2007)). *See Walker v. O'Brien*, 2009 WL 2780158 * 2 (S.D. Ohio, Aug. 26, 2009) (sex offender law does not violate the *Ex Post Facto* Clause of the United States Constitution because it does not alter the definition of the prior criminal conduct or increase the punishment actually imposed for the crime).

Accordingly, Davis's Motion to Proceed In Forma Pauperis is granted. (ECF 2). This action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

/s/*SOLOMON OLIVER, JR.*
JUDGE SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 31, 2009